# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| FRED MANSFIELD, SR., on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) CASE NO. 1:24-cv-01192-RLY-MJD<br>) |
| vs. | )<br>) |
| PROFESSIONAL LABOR GROUP, LLC, | ) **COLLECTIVE ACTION COMPLAINT**<br>)<br>) |
| Defendant. | ) |

### *AMENDED FIRST SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY*

Comes now the Plaintiff, Fred Mansfield, Sr., by counsel, and comes now the Defendant, Professional Labor Group, LLC, by counsel, and provide this Amended First Supplemental Joint Report on the Status of Discovery ("Amended Joint Report"). Per the Court's January 16, 2025 Order [Dkt. 38.], Counsel for both Parties apologize and respectfully submit this Amended Joint Report to correct their acknowledged failure to follow the Court's format set forth on page 2 of Docket No. [30].

1. **A detailed description of all discovery completed within the preceding 28 days.**

Defendant served its Answers to Representative Plaintiff's First Set of Interrogatories and produced documents responsive to Representative Plaintiff's First Request for Production on December 19, 2024. By agreement of the Parties, as further explained below, Defendant's Answers and responsive documents were limited to Representative Plaintiff.

2. **A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

The presently scheduled or pending discovery is limited to Defendant's supplemental Answers and Responses to Representative Plaintiff's First Set of Interrogatories and First Request for Production with respect to the individual Opt-in Plaintiffs, once identified. Any individual Opt-In Plaintiffs will be identified via executed Option to Join forms submitted by eligible former and current employees of Defendant. The Parties have agreed upon the language to be included in a Notice Of Collective Action Lawsuit And Opportunity To File Consent To Join Form ("Notice" and "CTJ Form") to be served upon eligible employees/former employees entitled to Notice and the potential to opt-in to this FLSA collective action. The Parties will submit a Joint Motion for an Order approving the agreed Notice and CTJ form, as well as a Joint Motion for an Order approving the Parties' joint stipulation to FLSA Conditional Certification of a Collective Action, by Monday, January 20, 2025.

3. **A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute**.

There are no pending discovery disputes. Defendant will provide Plaintiff with its list of the names and contact information for eligible employees/former employees entitled to receipt of the agreed Notice and CTJ form, by January 21, 2025. Submission of this list will enable Plaintiff to serve the agreed Notice and CTJ form to the identified eligible current/former employees, and any individual, affirmative Opt-In responses will trigger Defendant's timely service of responsive supplemental Answers and Responses to Representative Plaintiff's First Set of Interrogatories and First Request for Production, as described in Item #2, above.

4. **A detailed description of all discovery that is planned to be completed within the 28-day period following the report including the identity of the counsel responsible for completing such discovery.**

Plaintiff's counsel will serve copies of the approved Notice and CTJ forms to the eligible employees/former employees entitled to receipt of the same to be identified by Defendant no later than January 21, 2025. Defendant will timely serve its supplemental Answers and Responses to Representative Plaintiff's First Set of Interrogatories and First Request for Production, with respect to any and all identified current/former employees of Defendant who timely return OTJ forms declaring their intention to opt-in to this Collective Action. Plaintiff has agreed to forego discovery about any employee who does not affirmatively choose to opt-in to this FLSA collective Action.

5. **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

The Parties agree that the contemplated Order approving the Parties Joint Motion for Stipulation as to Conditional Certification, Plaintiff's service of the agreed Notice and OTJ forms to the eligible current/former employees identified by Defendant, and Defendant's corresponding supplemental written discovery responses determined by the responses to the OTJ forms, will sufficiently position the Parties to productively engage in good faith settlement negotiations through the telephonic settlement conference scheduled for Monday, May 19, 2025 [Dkt. 34]. Accordingly, in the interest of preserving the resources of the Parties and in the interest of judicial economy, the Parties do not contemplate serving any additional written discovery or scheduling any fact depositions until after the agreed-upon FLSA opt-in period closes and the Parties know who and how many opt-in Plaintiffs choose to join Mr. Mansfield in this FLSA collective action.

      6. **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

The FLSA 60-day opt-in period is projected to close in late March 2025. Depending upon the number of OTJ forms returned near this closure date, Defendant anticipates serving its corresponding supplemental Answers and Responses to Plaintiff's written discovery by April 4, 2025. As stated in response to Item #5, above, in the interest of preserving the resources of the Parties and in the interest of judicial economy, the Parties have agreed not to engage in further discovery until after the FLSA opt-in period closes and the Parties know who and how many opt-in Plaintiffs choose to join Mr. Mansfield in this FLSA collective action. Moreover, and as also stated in response to Item #5, the Parties' counsel expects the scheduled supplemental discovery production by Defendant will sufficiently position the Parties to productively engage in good faith settlement negotiations through the telephonic settlement conference scheduled for Monday, May 19, 2025 [Dkt. 34]. However, the Parties' counsel note that these discovery agreements were reached before the settlement conference had been rescheduled to May 19, which is <u>after</u> the current deadline of May 9, 2025, for completion of non-expert witness discovery and discovery relating to liability issues. [Dkt. 24, IV, C].

Accordingly, and to preserve the objectives of the Parties' demonstrated good faith cooperation, the Parties intend to file a Joint Motion requesting a thirty (30) day extension of the May 9, 2025 deadline, within which the Parties can complete non-expert witness discovery and discovery relating to liability issues should the Parties not agree upon a negotiated resolution by the conclusion of the May 19th settlement conference. If necessary, due to the absence of a negotiated resolution by May 19th, Plaintiff will schedule Rule 30(b)(6) depositions by May 30, 2025, of corporate representatives John Black and/or Ryan Ellis, as designated by Defendant upon

review of the intended topics to be covered in the deposition, identified in Deposition Notices to be served by Plaintiff no later than May 9, 2025.

Likewise, Defendant will depose Representative Plaintiff and up to three (3) yet to be identified Opt-In Plaintiffs, on or before June 9, 2025 – the end of the extended discovery period to be requested by the Parties. Defendant will identify the Opt-In Plaintiffs to be deposed, and tentatively schedule their depositions as well as the deposition of the Representative Plaintiff, by May 9, 2025. The Parties are unaware of any other discovery issues to bring to the Court's attention at this time.

Respectfully submitted,

/s/ *Robert P. Kondras, Jr.*
Robert P. Kondras, Jr.
HASSLER KONDRAS MILLER LLP
100 Cherry Street
Terre Haute, IN 47807
Phone: (812) 232-9691
Fax: (812) 234-2881
Email: kondras@hkmlawfirm.com

**ATTORNEY FOR PLAINTIFF**

/s/ *Vincent T. Norwillo*
Vincent T. Norwillo, Esq.
The Law Office of Vincent T. Norwillo, LLC
1309 Ridge Rd., Suite 1
Hinckley, OH 44233
Phone: (330) 278-1136
Fax: (330) 278-1022
Email: vincent.norwillo@norwillolaw.com

John J. Morse
MORSE & BICKEL, P.C.
1411 Roosevelt Ave., Suite 102
Indianapolis, IN 46201
Phone: (317) 686-1540
Fax: (317) 630-2790
Email: morse@morsebickel.com

**ATTORNEYS FOR DEFENDANT**